Citation Nr: 1448530 
Decision Date: 10/31/14 Archive Date: 11/05/14

DOCKET NO. 09-29 125 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO)
 in St. Petersburg, Florida



THE ISSUE

Entitlement to service connection for a cervical spine disorder.



REPRESENTATION

Veteran represented by: Veterans of Foreign Wars of the United States



ATTORNEY FOR THE BOARD

R. R. Watkins, Associate Counsel



INTRODUCTION

The Veteran served on active duty from July 1968 to July 1970.

This case initially came to the Board of Veterans' Appeals (Board) on appeal from a November 2008 rating decision of the RO. 

In January 2012 and April 2014, the Board remanded the case to the Agency of Original Jurisdiction (AOJ) for additional development.

The record shows that the Veteran had been scheduled to attend a hearing in May 2011, but he withdrew his hearing request in writing in May 2011. See 38 C.F.R. § 20.702(e).

This appeal was processed using the Veterans Benefits Management System (VBMS) paperless claims processing system. There is also a paperless, electronic record in the Virtual VA system. 


FINDINGS OF FACT

1. The Veteran is not shown to have manifested by complaints or findings referable to a cervical spine disorder during service or for many years thereafter. 

2. The currently demonstrated cervical spine disorder is not shown to be due to an event or incident of the Veteran's period of active service. 


CONCLUSION OF LAW

The Veteran's disability manifested by a cervical spine disorder is not due to a disease or injury that was incurred in or aggravated by active service; nor may it be presumed to have been incurred therein. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304 (2014). 
REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. VA's Duties to Notify and Assist

As provided for by the Veterans Claims Assistance Act of 2000 (VCAA), the VA has a duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). 

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a); 38 C.F.R. § 3.159(b); Quartuccio v. Principi, 16 Vet. App. 183 (2002). 

Proper notice from VA must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide. 

This notice must be provided prior to an initial unfavorable decision on a claim by the AOJ. Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006); Pelegrini v. Principi, 18 Vet. App. 112 (2004). 

In Dingess v. Nicholson, 19 Vet. App. 473 (2006), the United States Court of Appeals for Veterans Claims (Court) held that notice under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b) includes notice that a disability rating and an effective date for the award of benefits will be assigned if the claim is granted. 

In the present case, the letter sent to the Veteran in December 2007 fully addressed all notice elements required by Pelegrini v. Principi, 18 Vet. App. 112 (2004) and Dingess v. Nicholson, 19 Vet. App. 473 (2006). 

VA also has a duty to assist the Veteran in the development of the claim, which includes assisting the Veteran in the procurement of service treatment records (STRs), pertinent treatment records, and providing an examination when necessary. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

Here, the record includes the Veteran's STRs, post service treatment records, Social Security Administration (SSA) records, and lay statements. 

The Veteran was also afforded a VA examination in connection with his claim in February 2012. The examination was conducted by a medical professional who solicited symptomatology from the Veteran, conducted a thorough examination, and provided a rationale for the conclusions given. It is, therefore, adequate. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 303-304 (2008).

In January 2012 the Board remanded the Veteran's claim to obtain a VA examination, which was completed in February 2012. In April 2014, the Board remanded the appeal to secure post service treatment records dated prior to 2005, to specifically include private surgical records pertaining to the 1990 posterior cervical laminectomy, and an addendum opinion to the February 2012 VA examination if additional evidence was received. In May 2014, the AOJ sent the Veteran a letter requesting that he complete the required privacy request for VA to obtain the 1990 private surgical records. The Veteran did not respond to this letter. In June 2014, the VA examiner stated she reviewed all available post service treatment records dated prior to 2005 when she performed the examination. The duty to assist is not a one-way street. See Wood v. Derwinski, 1 Vet. App. 190, 193 (1991). Therefore, the Board finds the AOJ substantially complied with the remand directives. See 38 U.S.C.A. § 5103A(b); Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008). 

For these reasons, the Board finds that VA has complied with the VCAA's notification and assistance requirements. 





II. Service Connection

The Veteran seeks service connection for a cervical spine disorder. In his August 2009 VA Form 9, the Veteran avers that his current disability was caused when he was struck in the face with an M-14 rifle while marching in boot camp. 

Having carefully considered the claim in light of the record and applicable law, the Board concludes that the preponderance of the evidence is against the claim. 

A veteran is entitled to VA disability compensation if there is a disability resulting from personal injury suffered or disease contracted in line of duty in active service, or for aggravation of a preexisting injury suffered or disease contracted in line of duty in active service. 38 U.S.C.A. §§ 1110. 

Generally, to provide service connection, a veteran must show: (1) a present disability; (2) an in-service incurrence or aggravation of a disease or injury; and, (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service, the so-called "nexus" requirement. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). 

The requirement that a current disability exist is satisfied if the claimant had a disability at the time his claim for VA disability compensation was filed or during the pendency of the claim. McClain v. Nicholson, 21 Vet. App. 319, 321 (2007).

Service connection means that the facts, shown by evidence, establish that a particular injury or disease resulting in disability was incurred coincident with service, or if preexisting such service, was aggravated by service. This may be accomplished by affirmatively showing inception or aggravation during service. 38 C.F.R. § 3.303(a). 

Service connection may also be granted for disability shown after service, when all of the evidence, including that pertinent to service, shows that it was incurred in service. 38 C.F.R. § 3.303(d). 

In addition, for veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, including arthritis, are presumed to have been incurred in service if they manifested to a compensable degree within one year of separation from service. 38 U.S.C.A. 
§§ 1101, 1112, 1113; 38 C.F.R. §§ 3.307(a), 3.309(a). 

The analysis focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show. The Veteran should not assume that the Board has overlooked pieces of evidence that are not specifically discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000). The law requires only that the Board provide reasons for rejecting evidence favorable to the Veteran. 

In the present case, the Veteran was diagnosed with spinal stenosis/degenerative joint disease of the cervical spine by magnetic resonance imagining (MRI) in July 2007.

The Veteran does not assert, nor does the record show that he served in combat or that the provisions of 38 U.S.C.A. § 1154(b) are for application in this case.

Furthermore, the Veteran does not assert his cervical spine disorder was diagnosed during service and the competent evidence does not link a cervical spine disorder to any event in service. 

The Veteran's June 1970 Report of Medical Examination and Report of Medical History are devoid of complaints or findings referable to neck or spine problems in service. Additionally, by the Veteran's own admission, the onset of his cervical spine disorder was in 1990 (nearly 20 years after separating from service). See February 2008 SSA Function Report, page 8. Therefore, the Veteran's cervical spine disorder may not be presumed to have occurred in service. See 38 C.F.R. 
§ 3.307(a).

In February 2012 Veteran underwent a VA examination to address whether his cervical spine disorder was due to service. 

During the examination, the Veteran reported that the onset of his cervical spine disorder occurred in the late 1990s while he was working as an electric sale representative. He experienced severe pain and tingling in his hands and within two weeks underwent a laminectomy. After the procedure, the pain improved, but over the course of time the pain has returned. The VA examiner noted that the Veteran had cervical spondylosis with myelopathy and intervertebral disc syndrome.

The VA examiner opined that the Veteran's cervical spine disorder was
not caused by or aggravated by his military service. In reaching this conclusion, the VA examiner consulted the Veteran's medical records, relevant medical literature, and relied upon her years of clinical experience. The VA examiner added that the length of time between the Veteran's separation from service and the onset of the cervical spine disorder was indicative of the natural process of aging rather than service. She concluded that there was no medical literature to support a cause and effect relationship between the Veteran's claimed cervical spine disorder and service.

The Board finds the February 2012 VA examination to be highly probative as it was based on medical principles and applied to the facts of the case. Nieves-Rodriguez, 22 Vet. App. at 295. It is uncontroverted by the other competent evidence of record.

The Board notes at the outset that lay assertions may serve to support a claim of service connection by verifying the occurrence of lay-observable events or the presence of disability or symptoms of disability subject to lay observation. See Layno v. Brown, 6 Vet. App 469 (1994). 

It is well settled that "'lay evidence is one type of evidence that must be considered' and that 'competent lay evidence can be sufficient in and of itself.'" King v. Shinseki, 700 F.3d 1339, 1344 (Fed. Cir. 2012) (quoting Buchanan v. Nicholson, 451 F.3d 1331, 1335 (Fed. Cir. 2006)); Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009) (rejecting the view that "competent medical evidence is required. [when] the determinative issue involves either medical etiology or a medical diagnosis."). 

When considering evidence supporting a service connection claim, the Board must consider, on a case-by-case basis, the competence and sufficiency of lay evidence offered to support a finding of service connection. Davidson, 581 F.3d at 1316 (reiterating that "'[l]ay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional.'" (quoting Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007)); Kahana v. Shinseki, 24 Vet. App. 428, 433, n.4 (2011). 

The aforementioned are three Jandreau exceptions where a layperson is deemed competent to establish a diagnosis/etiology, and none of those apply in this case.

The Board, in considering the lay and medical evidence of record, finds that the evidence does not present a nexus linking the Veteran's current cervical spine disorder to any event or incident of his service. 

To the extent that the Veteran is asserting a connection between his cervical spine disorder and manifestations in service, his opinion is not competent because the onset of the disorder, 20 years after separation, is a complex medical question that is not the type of question that can be addressed by lay observation. 

This involves the medical etiology of the claimed cervical spine disorder as it relates to an in-service event and is the type of medical question which the Court has held lay statements are not competent to address. See Jandreau, 492 F.3d at 1377 ("sometimes the layperson will be competent to identify the condition where the condition is simple, for example a broken leg, and sometimes not, for example, a form of cancer"); Kahana, 24 Vet. App. at 433 (noting impropriety of the Board categorically discounting lay testimony and requiring the Board to determine, on a case by case basis, whether a veteran's particular disability is the type of disability for which lay evidence is competent). 

As the Veteran is not competent to opine on the etiology of his cervical spine disorder, the determination of whether his statements are credible is not reached.
While the Board has carefully reviewed the record in depth, it has been unable to identify a basis upon which service connection may be granted. Given the evidence of record, service connection for a cervical spine disorder must be denied. 

As such, the preponderance of the evidence is against the Veteran's claim for service connection. Because the preponderance of the evidence is against the claim, the benefit of the doubt rule does not apply. 38 U.S.C.A. § 5107(b); see Gilbert v. Derwinski, 1 Vet. App. 49 (1990).


ORDER

Service connection for a cervical spine disorder is denied.




____________________________________________
CHERYL L. MASON
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs